IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL RETAIL SYSTEMS, INC., et al. :
: CIVIL ACTION
v. :
: NO. 17-672
MARKEL INSURANCE COMPANY :

**ORDER**

**AND NOW**, this 25th day of April, 2018, upon consideration of Defendant's Motion to Compel Supplementary Discovery Responses (ECF No. 32), and all documents submitted in support thereof or in opposition thereto, it is **ORDERED** that Defendant's Motion is **GRANTED** in part and **DENIED** in part as follows:

1. As to Interrogatory No. 1, Plaintiffs are **ORDERED** to identify all positions held by and titles of Louis Piscitelli, Sr. ("Piscitelli") with National Retail Systems, Inc., Keystone Freight Corporation, and Precision Werks from 2004 to the present.

2. As to Interrogatory No. 2, Plaintiffs are **ORDERED** to identify and provide the titles and/or positions of all supervisors or subordinates of Piscitelli to whom he reported the 2004 termination of employment of Brian Keith Allison ("Allison").

3. As to Interrogatory No. 6, Plaintiffs are **ORDERED** to describe in detail the process that Precision Werks followed to terminate Allison's employment in 2004, including a description of the departments and employees (including officers and directors) of National Retail Systems, Inc., Keystone Freight Corporation, and Precision Werks who received notice of Allison's 2004 termination.

4. As to Document Request No. 1, Plaintiffs are **ORDERED** to produce all documents related to Piscitelli that identify his title or position with Plaintiffs or that refer to Allison's 2004 termination.

5. As to Document Request No. 4, Plaintiffs are **ORDERED** to produce all documents in their possession or control that are related to Allison's 2004 termination.

6. In all other respects, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                          **BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**